**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORP., | |
| Plaintiff, | CIVIL ACTION No. 3:08-CV-0137 |
| v. | (JUDGE CAPUTO) |
| MOBILITY PRODUCTS UNLIMITED, LLC, JOHN WARD, and TERESA M. WARD, Defendants. | |

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORP., | CIVIL ACTION No. 3:08-CV-0231 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| BRYAN DYLEWSKI, | |
| Defendant. | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court are Plaintiff Pride Mobility Products Corporation ("Pride Mobility")'s Motions for Consolidation (Doc. 13 in Civil Action No. 3:08-CV-0137 & Doc. 9 in Civil Action No. 3:08-CV-0231). Neither of these motions have been opposed.

In Civil Action No. 3:08-CV-0137, Plaintiff seeks to collect a debt from Defendant Mobility Products Unlimited ("MPU") through breach of contract and unjust enrichment claims, and alleges that Defendants John Ward and Teresa M. Ward, as guarantors of Defendant MPU, breached guaranty and suretyship agreements with Plaintiff. (Compl., Doc. 1 in Civil Action No. 3:08-CV-0137.) In Civil Action No. 3:08-CV-0231, Plaintiff alleges that Defendant Bryan Dylewski, as another guarantor of Defendant MPU,

breached a guaranty and suretyship agreement with Plaintiff.  (Compl., Doc. 1 in Civil Action No. 3:08-CV-0231.)

Plaintiff indicates that "[a]s a condition prerequisite to instituting litigation against the personal guarantors, the personal guaranty agreement required the Plaintiff to give the personal guarantors 10 days notice of the debt due."  (Doc. 13 in Civil Action No. 3:08-CV-0137 ¶ 3; Doc. 9 in Civil Action No. 3:08-CV-0231 ¶ 3.)  Plaintiff indicates that it sent such notices to all three (3) guarantors, but that the letter addressed to Defendant Dylewski's last known address came back undeliverable just as Plaintiff was to file a complaint that named all three (3) guarantors as defendants.  (*Id.* ¶¶ 4-5.)  Plaintiff then filed the action captioned as Civil Action No. 3:08-CV-0137 against John Ward and Teresa M. Ward only and sent another ten (10) day notice to Defendant Dylewski.  (*Id.* ¶ 6.)  Plaintiff later commenced a separate action, captioned as Civil Action No. 3:08-CV-0231, against Defendant Dylewski.  (*Id.* ¶ 7.)  In this action, Defendant Dylewski has since filed a Motion to Dismiss (Doc. 17), an Answer (Doc. 8) and a Third Party Complaint (Doc. 8).

Under Federal Rule of Civil Procedure 42(a), actions before the court may be consolidated if they "involve a common question of law or fact."  Because the two (2) actions here involve common questions of law and fact, and because Plaintiff's motions are unopposed, **NOW**, this   20th   day of June, 2008, it is **HEREBY ORDERED** that:

(1)     Plaintiff's Motions for Consolidation (Doc. 13 in Civil Action No. 3:08-CV-0137 & Doc. 9 in Civil Action No. 3:08-CV-0231) are **GRANTED**.

(2)     The Clerk of Court is directed to **CONSOLIDATE** the case docketed as Civil

Action No. 3:08-CV-0137 into the case docketed as Civil Action No. 3:08-CV-0231 and to **CLOSE** the case docked as Civil Action No. 3:08-CV-0137.

(3)    All future documents filed in this consolidated case shall be filed under the case docketed as Civil Action No. 3:08-CV-0231.

_____

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge